IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOEL H. WHITE,<br><br>            Plaintiff,<br><br>    vs.<br><br>COUNTY OF HAWAII; LEVON STEVENS; KUILEE DELA CRUZ,<br><br>            Defendants. | CIV. NO. 21-00264 JMS-RT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, ECF NO. 15 |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, ECF NO. 15

### I. INTRODUCTION

Defendants County of Hawaii ("Hawaii County"), Levon Stevens

("Stevens"), and Kuilee Dela Cruz ("Dela Cruz") (collectively "Defendants")[1]

have filed a Motion to Dismiss directed to several claims in Plaintiff Joel White's

("Plaintiff's") Complaint brought pursuant to 42 U.S.C. § 1983.  ECF No. 15.  In

particular, they move to dismiss part of Count I (a § 1983 claim based on alleged

violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S.

_____

[1] Although the Complaint names Hawaii County police officers Stevens and Dela Cruz as Defendants, *see* ECF No. 1 at PageID # 2, it is unclear whether these two Defendants are sued in their personal or official capacities (or both).  Plaintiff, however, clarified at the September 27, 2021 hearing that as to *all* claims (1) Stevens is sued in *both* his personal and official capacities, and (2) Dela Cruz is sued only in his official capacity.  *See* ECF No. 21.  Plaintiff confirmed that intent by filing a written statement on September 29, 2021.  *See* ECF No. 22.

Constitution) to the extent Count I is based upon the Fifth Amendment.  They also move to dismiss Counts IV through XI, which are supplemental state-law tort claims for false arrest, false imprisonment, civil conspiracy, negligent training, negligence, gross negligence, and intentional and negligent infliction of emotional distress (collectively, "the State Law claims").  *See* ECF No. 1 at PageID ## 10-14.

Plaintiff did not oppose the Motion—he filed neither an Opposition nor a Statement of No Position.  The court held a hearing on the Motion to Dismiss on September 27, 2021.  ECF No. 21.  Based on the following, the Motion to Dismiss is GRANTED in part and DENIED in part.

## II. <u>DISCUSSION</u>

### A. The Fifth Amendment Does Not Apply to Count I

The Fifth Amendment's due process clause applies only to actions of the federal government, not state or local governments.  *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001); *Alexander v. City & Cnty. of Honolulu*, 545 F. Supp. 2d 1122, 1132-33 (D. Haw. 2008).  Nothing alleged in the Complaint implicates a federal actor, and it is undisputed that neither Hawaii County nor the individual Defendants are federal actors.  Accordingly, Count I is dismissed to the extent it is based upon the Fifth Amendment.  Count I, however, remains as to the allegations against Defendants for violations of the Fourth and Fourteenth Amendments.

**B.      The State Law Claims Are Dismissed Against Hawaii County and Stevens and Dela Cruz in Their Official Capacities**

The Defendants argue that the State Law claims fail because Plaintiff did not file a timely notice-of-claim with Hawaii County as required by Hawaii Revised Statutes ("HRS") § 46-72[2] and the Charter of the County of Hawaii ("CCH") § 13-18.[3]  *See* ECF No. 15-1 at PageID ## 72-80.  These provisions require a written notice of claimed injuries and damages to be filed with the Hawaii County clerk within two years after the date of the sustained injury.  *See,*

---

[2] HRS § 46-72 provides:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

[3] CCH § 13-18 provides:

> No action shall be maintained for the recovery of damages for any injury to persons or property by reason of negligence or other act of any official or employee of the county unless a written statement stating fully when, where and how the injuries occurred, the apparent extent thereof and the tentative amount claimed therefor shall have been filed with the county clerk within two years after the date the injury was sustained.

3

*e.g.*, *Kaulia v. Cnty. of Maui, Dep't of Pub. Works & Waste Mgmt.*, 504 F. Supp. 2d 969, 997-98 (D. Haw. 2007).

Here, Plaintiff does not dispute that he did not file a written statement with the Hawaii County clerk within the required two-year period—indeed, he did not oppose Defendants' Motion at all.  It is apparent from the face of the Complaint that Plaintiff's alleged injuries for wrongful arrest occurred on June 7, 2019, and nothing indicates that a written statement was given to Hawaii County within two years.[4]  Moreover, even assuming that the Complaint itself (which otherwise appears to have been timely filed with the court on June 5, 2021) could constitute sufficient written notice to Hawaii County, there is no indication that it was actually provided to the Hawaii County clerk within two years from June 7, 2019.[5]  *See, e.g.*, *Burton v. City & Cnty. of Hawaii*, 2020 WL 5735128, at *6 (D. Haw. Sept. 24, 2020) ("Because Plaintiffs never provided written notice to the

---

[4] A declaration from a Hawaii County official affirmatively establishes that written notice was never given to the Hawaii County Office of the County Clerk.  *See* ECF No. 17-1 at PageID # 105.  The court could consider this declaration if it treats Defendants' Motion to Dismiss as one for summary judgment under Federal Rule of Civil Procedure 12(d); Plaintiff had ample opportunity to challenge the declaration by presenting evidence that he did in fact file a timely written notice, but instead he chose not to file an Opposition at all.  In any event, the record is undisputed that Plaintiff did not comply with HRS § 46-72 or CCH § 13-18, even without considering the declaration and without converting the Motion to Dismiss under Rule 12(d).

[5] The record contains no proof of service at all, and Defendants' counsel attests that the Hawaii County Corporation Counsel's office did not waive service on behalf of Defendants until June 28, 2021.  *See* ECF No. 15-2 at PageID # 84.

4

county clerk, their state law claims against the County are time barred [under HRS § 46-72]. Even if the Complaint constituted written notice, Plaintiffs did not effect service until . . . after expiration of the two-year statute of limitations [in HRS § 46-72].”); *Nakamoto v. Cnty. of Hawaii*, 2018 WL 2750224, at *3 (D. Haw. June 7, 2018) (same).

But it is also well-established that the written notice provisions of HRS § 46-72 and CCH § 13-18 apply only to claims against Hawaii County itself; they do not apply to claims against individuals (such as Stevens). *See, e.g.*, *Surnow v. Buddemeyer*, 379 F. Supp. 3d 1086, 1093 (D. Haw. 2019) (“[N]either HRS § 46-72 nor [CCH] § 13-18 is applicable to [an individual]—the written notice requirements are applicable to Counties, not employees sued in their individual capacity.”) (citing cases); *Hall v. Cnty. of Maui*, 2018 WL 6112957, at *5 (D. Haw. Nov. 21, 2018) (“[N]othing in HRS § 46-72 indicates that the notice of claim requirement applies to the suit against [the officer] in his individual capacity.”).

Accordingly, Defendants’ Motion to Dismiss is GRANTED in part. The State Law claims against Hawaii County (and any of the State Law claims to the extent asserted against Stevens and Dela Cruz in their *official* capacities) are DISMISSED with prejudice. *See, e.g.*, *Coconut Beach Dev. LLC v. Baptiste*, 2008 WL 1867933, at *2 (D. Haw. Apr. 28, 2008) (“A suit against county officers in

5

their official capacities is essentially a suit against the county.") (citing *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997)).  In that regard, the Complaint alleges Count VII ("Negligent Training and Supervision") against Hawaii County only.  *See* ECF No. 1 at PageID # 12.  The other State Law claims (Counts IV through XI) are brought against all "Defendants," i.e., against Hawaii County, Stevens in both his official and personal capacities, and Dela Cruz in his official capacity.  *Id.* at PageID ## 10-14; ECF No. 22.

Thus, to be clear, Count VII is DISMISSED in its entirety.  Counts IV, V, VI, VIII, IX, X, and XI are DISMISSED against Hawaii County and against Stevens and Dela Cruz in their official capacities.  That is, Counts IV, V, VI, VIII, IX, X, and XI remain only against Stevens in his personal capacity.

## III.  <u>CONCLUSION</u>

Defendants' unopposed Motion to Dismiss, ECF No. 15, is GRANTED in part and DENIED in part.  Count I is DISMISSED to the extent it relies upon a Fifth Amendment violation.  Count VII is DISMISSED in its entirety.  Counts IV, V, VI, VIII, IX, X, and XI are DISMISSED against Hawaii County and

///

///

///

///

Stevens and Dela Cruz in their official capacities, but remain against Stevens in his personal capacity.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 1, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*White v. County of Hawaii, et al.*, Civ. No. 21-00264 JMS-RT, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, ECF No. 15

7